**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| **CHARLES HIGHSMITH,** *et al.*, | * | |
| | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| **v.** | * | **Case No. 8:20-cv-03249-TDC** |
| | * | |
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| **Defendant.** | * | |
| | ********** | |

**UNITED STATES OF AMERICA'S ANSWER TO PLAINTIFFS' COMPLAINT**

Defendant, the United States of America, by and through its attorneys, hereby answers Plaintiffs' Complaint, ECF No. 1, as follows.  Responses in numbered paragraphs below are to the allegations in each corresponding numbered paragraph of Plaintiffs' Complaint.  Plaintiffs' topic headings are inserted below for ease of reference.  Use of these topic headings below does not constitute an admission or acknowledgement by the United States of their relevance or accuracy.

**INTRODUCTION**

1.      Defendant United States of America admits that, on September 11, 2018, Plaintiff Charles Highsmith underwent a neck dissection at Walter Reed National Military Medical Center, in Bethesda, Maryland.  Defendant also admits that the medical records reflect that Plaintiff Charles Highsmith's right internal carotid artery was "divided" and "ligated intraoperatively" during the surgery. The remaining allegations in paragraph 1 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies that the act and omission complained of were the proximate cause of the damages alleged

in this case or otherwise constituted negligence on the part of the United States.  Defendant is otherwise without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 1.

2.      The allegations in paragraph 2 are characterizations of this lawsuit and conclusions of law, to which no response is necessary.  To the extent a response is required, Defendant denies that the acts and omissions complained of were the proximate cause of the damages alleged in this case or otherwise constituted negligence on the part of the United States. Defendant is otherwise without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 2.

3.      The allegations in paragraph 3 are characterizations of this lawsuit and conclusions of law, to which no response is necessary.  To the extent a response is required, Defendant denies that the acts and omissions complained of were the proximate cause of the damages alleged in this case or otherwise constituted negligence on the part of the United States. Defendant is otherwise without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 3.

4.      The allegations in paragraph 4 constitute legal conclusions as to the extent of the United States' liability. To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 4.

**JURISDICTION AND PARTIES**

5.      Defendant admits that, on December 7, 2018, Walter Reed National Military Medical Center received an administrative claim on Form SF-95 from Charles Highsmith, dated December 6, 2018.  Defendant denies that Plaintiff Charles Highsmith's claim was

2

acknowledged by the Department of the Navy on December 7, 2018.  The United States admits that on January 13, 2020, the Department of the Navy denied Charles Highsmith's claim.  The remaining allegations in paragraph 5 are legal conclusions, to which no response is necessary.  To the extent a response is required, Defendant denies any allegations of paragraph 5 not expressly admitted.

6.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation that Plaintiff Charles Highsmith submitted an administrative claim on May 19, 2020.  Defendant admits that, on May 27, 2020, the United States Department of the Navy received an administrative claim on Form SF-95 from Plaintiff Charles Highsmith, dated May 18, 2020.  Defendant further admits that Kristina Schlieter, on behalf of the Department of the Navy, Office of the Judge Advocate General, Tort Claims Unit Norfolk, acknowledged Plaintiff Charles Highsmith's claim dated May 18, 2020. The United States admits that, on June 25, 2020, the Department of the Navy denied Charles Highsmith's administrative claim dated May 18, 2020.   The remaining allegations in paragraph 6 are legal conclusions, to which no response is necessary.  To the extent a response is required, Defendant denies any allegations of paragraph 6 not expressly admitted.

7.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation that Plaintiff Sheila Highsmith submitted an administrative claim on May 19, 2020.  Defendant admits that, on May 27, 2020, the United States Department of the Navy received an administrative claim on Form SF-95 from Plaintiff Sheila Highsmith, dated May 18, 2020.  Defendant further admits that Reshauna McLeod, on behalf of the Department of the Navy, Office of the Judge Advocate General, Tort Claims Unit Norfolk, acknowledged Plaintiff Sheila Highsmith's claim dated May 18, 2020. The United States admits that, on June 25, 2020,

the Department of the Navy denied Sheila Highsmith's administrative claim dated May 18, 2020. The remaining allegations in paragraph 7 are legal conclusions, to which no response is necessary.  To the extent a response is required, Defendant denies any allegations of paragraph 7 not expressly admitted.

8.      The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations as to Plaintiff's filings with the Health Care Alternative Dispute Resolution Office of Maryland contained in paragraph 8.  The remaining allegations in paragraph 8 are legal conclusions, to which no response is necessary.  To the extent a response is required, Defendant denies any allegations of paragraph 8 not expressly admitted.

9.      Paragraph 9 contains an allegation for which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation contained in paragraph 9.

10.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations as to where Plaintiffs Charles Highsmith and Sheila Highsmith are residents and citizens.  The remaining allegations in paragraph 10 are legal conclusions, to which no response is necessary.  To the extent a response is required, Defendant denies that Charles Highsmith was a "patient of the Defendant United States of America" and denies that the acts and omissions complained of constituted negligence on the part of the United States or otherwise constituted "improper" medical care.

11.     Defendant specifically admits that Wayne Cardoni, D.O., and Charles Q. Yang, M.D. were employees of the United States when Plaintiff Charles Highsmith received medical care on September 11, 2018 at Walter Reed National Military Medical Center ("Walter Reed") in Bethesda, Maryland.  Defendant admits that it has employed other health care providers to

4

provide medical care to Plaintiff Charles Highsmith, but, without further identification of those providers by Plaintiffs, Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 11 and therefore denies them.

12.     Defendant admits that this case is brought under the Federal Tort Claims Act. The remaining allegations in paragraph 12 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies that the acts and omissions complained of were the proximate cause of the damages alleged in this case or otherwise constituted negligence on the part of the United States.

13.     Defendant admits that 28 U.S.C. 1346(b) and 28 U.S.C. § 2671 *et seq.* vests federal district courts with exclusive jurisdiction over lawsuits brought under the Federal Tort Claims Act. The United States also states that, at all stages of this litigation, this Court must assure itself that it has subject-matter jurisdiction, Fed. R. Civ. P. 12(h)(3), and the United States may not waive subject-matter jurisdiction. *United States v. N.Y. Rayon Importing Co.*, 329 U.S. 654, 660 (1947).

14.     Defendant admits the allegations contained in paragraph 14 to the extent that the phrase "Amended Statement of Claim" refers to this Complaint.

15.     Defendant admits the allegations contained in paragraph 15.

16.     Defendant admits that the United States Navy is an agency of the United States of America. Defendant denies that the United States Navy owned, operated, and controlled Walter Reed when Plaintiff Charles Highsmith received cancer treatment at Walter Reed. Defendant instead admits that the United States Defense Health Agency owned and operated Walter Reed when Plaintiff Charles Highsmith received cancer treatment there, with the clarification that the

United States generally, but not exclusively, staffs its health care facilities with federal employees.

17.     Defendant admits that Dr. Wayne Cardoni and Dr. Charles Q. Yang were employees of the United States when Plaintiff Charles Highsmith received medical care in September 2018 at Walter Reed.  Defendant admits that it has employed other health care providers to provide medical care to Plaintiff Charles Highsmith, but, without further identification of those providers by Plaintiffs, Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 17 and therefore denies them.

18.     The allegations contained in paragraph 18 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

## FACTUAL BACKGROUND

19.     Defendant admits the allegations contained in the first sentence of paragraph 19. Defendant admits the remaining allegations to the extent that they accurately reflect and quote medical records of the care and treatment of Plaintiff Charles Highsmith. Otherwise, Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph 19 and therefore denies them.

20.     Defendant admits that Dr. Pryor Brenner was an employee of the United States when Plaintiff Charles Highsmith received medical care in May – August 2018 at Malcom Grow Medical Clinics and Surgery Center at Joint Base Andrews.

21.     Defendant admits that the medical records indicate that on May 23, 2018, Pryor Brenner performed a needle localization and drainage of Charles Highsmith's neck mass. Defendant further admits that the medical records indicate that Dr. Brenner prescribed antibiotics

prior to and after the needle localization. Otherwise, Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph 21 and therefore denies them.

22.     Defendant admits the allegations contained in the first sentence of paragraph 22. Defendant admits the remaining allegations to the extent that they accurately reflect and quote medical records of the care and treatment of Plaintiff Charles Highsmith. Otherwise, Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph 22 and therefore denies them.

23.     Defendant admits the allegations contained in paragraph 23 to the extent that these allegations accurately reflect and quote medical records of the care and treatment of Plaintiff Charles Highsmith. Otherwise, Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph 23 and therefore denies them.

24.      Defendant admits the allegations contained in paragraph 24 to the extent that these allegations accurately reflect and quote medical records of the care and treatment of Plaintiff Charles Highsmith. Otherwise, Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph 24 and therefore denies them.

25.     Defendant admits the allegations contained in paragraph 25 to the extent that these allegations accurately reflect and quote medical records of the care and treatment of Plaintiff Charles Highsmith. Otherwise, Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph 25 and therefore denies them.

26.     Defendant admit the allegations contained in paragraph 26 to the extent that these allegations accurately reflect and quote medical records of the care and treatment of Plaintiff Charles Highsmith. Otherwise, Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph 26 and therefore denies them.

27.     Defendant admits the allegations contained in paragraph 27 to the extent that these allegations accurately reflect and quote medical records of the care and treatment of Plaintiff Charles Highsmith. Otherwise, Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph 27 and therefore denies them.

28.     Defendant admits the allegations contained in paragraph 28 to the extent that these allegations accurately reflect and quote medical records of the care and treatment of Plaintiff Charles Highsmith. Otherwise, Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph 28 and therefore denies them.

29.     Defendant denies the allegations contained in paragraph 29.

30.     Defendant admits the allegations contained in paragraph 30 to the extent that these allegations accurately reflect and quote medical records of the care and treatment of Plaintiff Charles Highsmith. Otherwise, Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph 30 and therefore denies them.

31.     Defendant admits the allegations contained in paragraph 31 to the extent that these allegations accurately reflect and quote medical records of the care and treatment of Plaintiff Charles Highsmith. Otherwise, Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph 31 and therefore denies them.

32.     Defendant admits the allegations contained in paragraph 32 to the extent that these allegations accurately reflect and quote medical records of the care and treatment of Plaintiff Charles Highsmith. Otherwise, Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph 32 and therefore denies them.

33.     Defendant admits the allegations contained in paragraph 33 to the extent that these allegations accurately reflect and quote medical records of the care and treatment of

Plaintiff Charles Highsmith, except Defendant denies that Plaintiff consented to a "Selective Neck Dissection ("SND") only." Otherwise, Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph 33 and therefore denies them.

34.     Defendant denies the allegations contained in paragraph 34.

35.     As to the first sentence, Defendant admits that Plaintiff Charles Highsmith presented to Walter Reed for a right neck dissection. Defendant further admits the remaining allegations contained in paragraph 35 to the extent that these allegations accurately reflect and quote medical records of the care and treatment of Plaintiff Charles Highsmith. Otherwise, Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph 32 and therefore denies them.

36.     Defendant admits the allegations contained in paragraph 36 to the extent that these allegations accurately reflect and quote medical records of the care and treatment of Plaintiff Charles Highsmith. Otherwise, Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph 36 and therefore denies them.

37.     Defendant admits that Dr. Wayne Cardoni and Dr. Charles Yang performed a right neck dissection on Plaintiff Charles Highsmith on September 11, 2018. Defendant further admits that the medical records reflect Plaintiff Charles Highsmith's right internal carotid artery was "divided" and "ligated intraoperatively" during his September 11, 2018, right neck dissection.

38.     Defendant admits that the medical records reflect that during the neck dissection on September 11, 2018, Dr. Wayne Cardoni and Dr. Charles Yang believed they had ligated the right external carotid artery. Otherwise, Defendant denies the allegations.

39.     Defendant denies the allegations contained in paragraph 39.

40.     Defendant admits the allegations contained in paragraph 40.

41.     Defendant admits that the operative report for the September 11, 2018 neck dissection described the procedure and noted the estimated blood loss to be 75 ml and listed six specimens. Defendant further admits that operative report did not note dissection of the internal carotid artery. Otherwise, Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph 41 and therefore denies them.

42.     Defendant admits the allegations contained in paragraph 42 to the extent these allegations accurately reflect and quote medical records of the care and treatment of Plaintiff Charles Highsmith. Otherwise, Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph 42 and therefore denies them.

43.     Defendant admits that the medical records reflect that Plaintiff Charles Highsmith received an MRI on September 12, 2018, and that the allegations in Paragraph 43 restate the impressions from the MRI. Otherwise, Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph 43 and therefore denies them.

44.     Defendant admits that the medical records reflect that Plaintiff Charles Highsmith received an MRA on September 12, 2018, and that the allegations in Paragraph 44 restate the impressions from the MRA. Otherwise, Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph 44 and therefore denies them.

45.     Defendant admits the allegations contained in paragraph 45 to the extent that these allegations accurately reflect and quote medical records of the care and treatment of Plaintiff Charles Highsmith. Otherwise, Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph 45 and therefore denies them.

46.     Defendant admits the allegations contained in paragraph 46 to the extent that these allegations accurately reflect and quote medical records of the care and treatment of Plaintiff Charles Highsmith. Otherwise, Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph 46 and therefore denies them.

47.     Defendant admits the allegations contained in paragraph 47 to the extent that these allegations accurately reflect and quote medical records of the care and treatment of Plaintiff Charles Highsmith. Otherwise, Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph 47 and therefore denies them.

48.     Defendant admits the allegations contained in paragraph 48 to the extent that these allegations accurately reflect and quote medical records of the care and treatment of Plaintiff Charles Highsmith. Otherwise, Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph 48 and therefore denies them.

49.     The United States admits that the medical records reflect that Drs. George Coppit, Samantha Mikals, Nathaniel Miller, and Nicholas Novak are listed as assistants to the September 12, 2018 surgery. Defendant further admits the remaining allegations contained in paragraph 49 to the extent that these allegations accurately reflect and quote medical records of the care and treatment of Plaintiff Charles Highsmith. Otherwise, Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph 49 and therefore denies them.

50.     Defendant admits the allegations contained in paragraph 50 to the extent that these allegations accurately reflect and quote medical records of the care and treatment of Plaintiff Charles Highsmith. Otherwise, Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph 50 and therefore denies them.

51.     Defendant denies that the surgical complication that led to the ligation of Plaintiff Charles Highsmith's right internal carotid artery was an "error."  Defendant admits that, after the September 11, 2018 surgery and while Plaintiff Charles Highsmith was still at Walter Reed, Dr. Cardoni met with the Highsmith family, shared their distress, and discussed the ligation of the right internal carotid artery as a surgical complication caused by Plaintiff Charles Highsmith's unusual anatomy.  Defendant denies all other allegations contained in paragraph 51.

52.     Defendant denies that the surgical complication that led to the ligation of Plaintiff Charles Highsmith's right internal carotid artery was a "surgical error."  Defendant admits that, after the September 11, 2018 surgery and while Plaintiff Charles Highsmith was still at Walter Reed, Dr. Cardoni met with the Highsmith family and discussed the ligation of the right internal carotid artery as a surgical complication caused by Plaintiff Charles Highsmith's unusual anatomy, as Dr. Cardoni described in a drawing.  Defendant denies all other allegations contained in paragraph 52.

53.     Defendant admits that, after the September 11, 2018 surgery and while Plaintiff Charles Highsmith was still at Walter Reed, Dr. Cardoni met with the family and provided them with a contact within Walter Reed's Healthcare Resolutions Program.

54.     Defendant admits that the medical records reflect that Plaintiff Charles Highsmith was discharged from Walter Reed on September 20, 2018. Defendant admits that the discharge summary reflects that Plaintiff Charles Highsmith was scheduled to follow-up with Dr. Coppit on September 27, 2018. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 54 and therefore denies them.

55.     Defendant admits the allegations contained in paragraph 55 to the extent that these allegations accurately reflect and quote medical records of the care and treatment of

Plaintiff Charles Highsmith. Otherwise, Defendant is without sufficient information to form a belief as to the truth of the allegations of paragraph 55 and therefore denies them.

56.     The allegations contained in paragraph 56 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies that the acts and omissions complained of were the proximate cause of the damages alleged in this case, or otherwise constituted negligence on the part of the United States.  Defendant further denies that Plaintiff Charles Highsmith was injured as a direct and proximate result of negligence of and lack of informed consent by Dr. Wayne Cardoni, Dr. Charles Yang, or the United States. Defendant denies all other allegations contained in paragraph 56.

## COUNT I: MEDICAL NEGLIGENCE

57.     In response to paragraph 57, Defendant incorporates its responses to paragraphs 1 through 56, above.

58.     Defendant admits that at the time of the events alleged in the Complaint, Dr. Wayne Cardoni and Dr. Charles Yang had a duty to possess and use that degree of skill and learning ordinarily used under the same or similar circumstances by members of their profession and specialty in the care and treatment of Plaintiff Charles Highsmith.  Defendant denies that the acts and omissions complained of constituted negligence on the parts of Dr. Wayne Cardoni, Dr. Charles Yang, or the United States.  Defendant denies any allegations of Paragraph 58 not expressly admitted.

59.     Defendant denies the allegations contained in paragraph 59, including all subparts.

60.     Defendant denies the allegations contained in paragraph 60.

61.     Defendant denies the allegations contained in paragraph 61.

13

62.     Defendant denies the allegations contained in paragraph 62.

63.     Defendant denies that Plaintiff Charles Highsmith was injured as a direct and proximate result of negligence of Dr. Wayne Cardoni, Dr. Charles Yang, or the United States. Defendant is without knowledge or information sufficient as to form a belief as to the truth of the remaining allegations of Paragraph 63, and therefore denies them.

64.     Defendant denies that Plaintiff Charles Highsmith was injured as a direct and proximate result of negligence of Dr. Wayne Cardoni, Dr. Charles Yang, or the United States. Defendant is without knowledge or information sufficient as to form a belief as to the truth of the remaining allegations of Paragraph 64, and therefore denies them.

65.     Defendant denies that Plaintiff Charles Highsmith was injured as a direct and proximate result of negligence of Dr. Wayne Cardoni, Dr. Charles Yang, or the United States. Defendant is without knowledge or information sufficient as to form a belief as to the truth of the remaining allegations of Paragraph 65, and therefore denies them.

## COUNT II: LACK OF INFORMED CONSENT

66.     In response to paragraph 66, Defendant incorporates its responses to paragraphs 1 through 65, above.

67.      Defendants admits that Dr. Cardoni and/or Dr. Yang had a duty to obtain the informed consent from Plaintiff Charles Highsmith to proceed with surgery on September 11, 2018.  The remaining allegations contained in paragraph 67 constitute legal conclusions to which no response is required.  To the extent a response is required, the United States denies the allegations.

68.     Defendant denies the allegations contained in paragraph 68.

69.     Defendant denies the allegations contained in paragraph 69.

14

70.     Defendant denies the allegations contained in paragraph 70.

71.     Defendant denies the allegations contained in paragraph 71.

72.     Defendant denies the allegations contained in paragraph 72, including all subparts.

73.     Defendant denies that Plaintiff Charles Highsmith was injured as a direct and proximate result of any failure to obtain informed consent by Dr. Wayne Cardoni, Dr. Charles Yang, or the United States.  Defendant is without knowledge or information sufficient as to form a belief as to the truth of the remaining allegations of Paragraph 73, and therefore denies them.

74.     Defendant denies the allegations contained in paragraph 74.

75.     Defendant denies the allegations contained in paragraph 75.

76.     Defendant denies that Plaintiff Charles Highsmith was injured as a direct and proximate result of negligence of and lack of informed consent by Dr. Wayne Cardoni, Dr. Charles Yang, or the United States.  Defendant is without knowledge or information sufficient as to form a belief as to the truth of the remaining allegations of Paragraph 76, and therefore denies them.

77.     Defendant denies that Plaintiff Charles Highsmith was injured as a direct and proximate result of negligence of and lack of informed consent by Dr. Wayne Cardoni, Dr. Charles Yang, or the United States.  Defendant is without knowledge or information sufficient as to form a belief as to the truth of the remaining allegations of Paragraph 77, and therefore denies them.

78.     Defendant denies that Plaintiff Charles Highsmith was injured as a direct and proximate result of negligence of and lack of informed consent by Dr. Wayne Cardoni, Dr. Charles Yang, or the United States.  Defendant is without knowledge or information sufficient as

to form a belief as to the truth of the remaining allegations of Paragraph 78, and therefore denies them.

## PRAYER FOR RELIEF

The unnumbered WHEREFORE paragraph that contains Plaintiffs' demand for judgment and other relief requires no response, but insofar as a response is required, Defendant United States of America denies that this paragraph states a claim upon which relief can be granted.

ANYTHING NOT EXPRESSLY ADMITTED IS HEREBY DENIED.

## AFFIRMATIVE DEFENSES

### First Defense

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### Second Defense

The injuries or damages alleged in the Complaint were not proximately caused by the negligent act or omission of any employee of the United States acting within the scope or course of his or her employment.

### Third Defense

At all times relevant to the incident or events giving rise to Plaintiffs' Complaint, Defendant United States of America and its employees possessed and applied the knowledge and used the skills and care ordinarily used by physicians of the same type and specialty giving due regard to the locality involved. Md. Code Ann., Cts. & Jud. Proc. § 3-2A-02(c).

### Fourth Defense

The injuries and damages resulted from unavoidable medical complications for which Defendant United States of America is not responsible.

### Fifth Defense

Defendant United States of America did not breach a recognizable duty owed to Plaintiffs.

### Sixth Defense

Plaintiffs' claims are barred by assumption of the risk.

### Seventh Defense

Plaintiffs' claims are barred by contributory negligence.

### Eighth Defense

Plaintiffs' injuries, if any, were caused by events and/or conditions prior to and/or subsequent to the incident giving rise to this lawsuit.

### Ninth Defense

Any injuries or damages sustained by Plaintiffs, were due in whole or part to the negligent acts or omissions, or those of others, known or unknown over whom Defendant United States of America had no control.

### Tenth Defense

Plaintiffs' causes of action against the United States are subject to, and limited by, the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401(b) and 2671–2680.

### Eleventh Defense

To the extent that any of Plaintiffs' allegations and recoveries in this litigation were not the subject of an administrative tort claim, this court lacks jurisdiction over those claims.  28

U.S.C. § 2675(a).

### Twelfth Defense

The United States may be held liable only in the same manner and to the same extent as a private individual under like circumstances.  28 U.S.C. §§ 2672, 2674.

### Thirteenth Defense

Attorney's fees are deducted from the judgment or settlement and are governed by statute.  28 U.S.C. § 2678.  The United States is not liable for any award of attorney's fees for cases sounding in tort.  28 U.S.C. § 2412(d).

### Fourteenth Defense

Plaintiffs are not entitled to a jury trial.  28 U.S.C. § 2402.

### Fifteenth Defense

The United States is not liable for, or subject to, any award of prejudgment interest under the FTCA and is liable for post-judgment interest only as permitted by federal law.  28 U.S.C. § 2674; 28 U.S.C. § 1961; 31 U.S.C. § 1304(b).

### Sixteenth Defense

Plaintiffs' recoverable damages, if any, are limited to the amount requested in their administrative tort claims.  28 U.S.C. § 2675(b).

### Seventeenth Defense

Defendant United States of America is not liable for punitive damages. 28 U.S.C. § 2674.

### Eighteenth Defense

Any award must be diminished by Plaintiffs' failure to mitigate.

**Nineteenth Defense**

In the event any liability is found to be determined against the United States, which liability the United States denies, the United States is entitled to a setoff for any benefits paid to Plaintiffs by an agency of the United States or through a state agency, which receives funds from the United States, including but not limited to TRICARE, Medicare, and Medicaid healthcare and health-related benefits.

**Twentieth Defense**

In the event of a judgment against the United States, the United States is entitled to the private party equivalent of Md. Code Ann. Cts. & Jud. Proc. § 11-109.

**Twenty-First Defense**

Pursuant to 28 U.S.C. § 1346(b), Plaintiffs' recovery, if any, is limited by any caps on damages (including caps on non-economic damages) in accordance with the law of Maryland, where the alleged acts or omissions occurred in this case. *See, e.g.*, Md. Code Ann. Cts. & Jud. Proc. §§ 11-108, § 3-2A-09.

**Twenty-Second Defense**

Defendant reserves the right to reasonably raise any and all additional defenses available that may be revealed during the course of discovery.  Defendant hereby reserves the right to amend its answer to assert any such defense.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendant United States respectfully requests that the Court enter judgment for Defendant, award it costs incurred, and grant such other relief as the Court deems just and proper.

Respectfully submitted,

JENNIFER B. DICKEY
Acting Assistant Attorney General
Civil Division

DOUGLAS G. SMITH
Deputy Assistant Attorney General

JAMES G. TOUHEY, JR.
Director, Torts Branch

CHRISTOPHER R. BENSON
Assistant Director, Torts Branch

 /s/ Cate E. Cardinale
Cate E. Cardinale
Trial Attorney
D. Md. Bar No: 814756
S.C. Bar No: 103149
Torts Branch, Civil Division
United States Department of Justice
P.O. Box 888
Washington, DC 20044
(202) 514-1067
cate.cardinale@usdoj.gov

*Counsel for the United States of America*

20

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 15th day of January 2021, a copy of the foregoing Answer was served on counsel of record via the Court's CM/ECF system.

<u>/s/ Cate E. Cardinale</u>
Cate E. Cardinale
Trial Attorney