IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| CHARLES HIGHSMITH, *et al.*, | * |
| Plaintiffs, | * |
| v. | * Case No. 8:20-cv-03249-TDC |
| UNITED STATES OF AMERICA, | * |
| Defendant. | * |

\*\*\*\*\*\*\*\*\*\*\*

## STIPULATED ORDER REGARDING NON-WAIVER OF ATTORNEY-CLIENT PRIVILEGE AND WORK PRODUCT PROTECTION

Whereas, the parties have stipulated, and hereby request the entry of an order providing, that the attorney-client privilege and work product protection shall not be waived under certain circumstances as specified herein;

Accordingly, it is this 5th day of February, 2021, by the United States District Court for the District of Maryland, ORDERED:

1. Non-Waiver of Attorney-Client Privilege and Work Product Protection. Pursuant to Fed. R. Evid. 502(d) and (e), the disclosure during discovery of any communication or information (hereinafter "Document") that is protected by the attorney-client privilege ("Privilege" or "Privileged," as the case may be) or work-product protection ("Protection" or "Protected," as the case may be), as defined by Fed. R. Evid. 502(g), shall not waive the Privilege or Protection in the above-captioned case, or any other federal or state proceeding, for either that Document or the subject matter of that Document, unless there is an intentional waiver of the Privilege or Protection to support an affirmative use of the Document in support of the party's claim or defense, in which event the scope of any such waiver shall be determined by

Fed. R. Evid. 502(a)(2) and (3). The parties intend that this stipulated order shall displace the provisions of Fed. R. Evid. 502(b)(1) and (2). That is, all disclosures not made to support an affirmative use of the Document in support of a party's claim or defense shall be regarded as "inadvertent," and the producing party is hereby deemed to have taken "reasonable steps to prevent disclosure," regardless of any argument or circumstances suggesting otherwise.

2. Return of Privileged or Protected Materials. Except when the requesting party contests the validity of the underlying claim of Privilege or Protection (including a challenge to the reasonableness of the timing or substance of the measures undertaken by the producing party to retrieve the Document(s) in question), any Document(s) the producing party claims as Privileged or Protected shall, upon written request, promptly be returned to the producing party and/or destroyed, at the producing party's option. If the underlying claim of Privilege or Protection is contested, the parties shall comply with, and the requesting party may promptly seek a judicial determination of the matter pursuant to, Fed. R. Civ. P. 26(b)(5)(B). In assessing the validity of any claim of Privilege or Protection, the court shall not consider the provisions of Fed. R. Evid. 502(b)(1) and (2), but shall consider whether timely and otherwise reasonable steps were taken by the producing party to request the return or destruction of the Document once the producing party had actual knowledge of (i) the circumstances giving rise to the claim of Privilege or Protection and (ii) the production of the Document in question.

3. For purposes of paragraph 2, "destroyed" shall mean that the paper versions are shredded, that active electronic versions are deleted, and that no effort shall be made to recover versions that are not readily accessible, such as those on backup media or only recoverable through forensic means.

4.  For purposes of paragraph 2, "actual knowledge" refers to the actual knowledge of an attorney of record or other attorney with lead responsibilities in the litigation (for example, lead counsel, trial counsel, or a senior attorney with managerial responsibilities for the litigation).

/s/ Seth L. Cardeli
Dov Apfel (#07187)
da@levinperconti.com
Seth L. Cardeli (#07212)
slc@levinperconti.com
Levin & Perconti
325 North LaSalle Drive
Suite 300
Chicago, Illinois 60654
Telephone: (312) 332-2872
Facsimile: (312) 332-3112
*Counsel for the Plaintiffs*

BRIAN BOYNTON
Acting Assistant Attorney General
Civil Division

JAMES G. TOUHEY, JR.
Director, Torts Branch

CHRISTOPHER R. BENSON
Assistant Director, Torts Branch

/s/Cate E. Cardinale
Cate E. Cardinale
Trial Attorney
D. Md. Bar No: 814756
S.C. Bar No: 103149
Torts Branch, Civil Division
United States Department of Justice
P.O. Box 888
Washington, DC 20044
(202) 514-1067
cate.cardinale@usdoj.gov
*Counsel for the United States of America*



UNITED STATES DISTRICT JUDGE