**U.S. Department of Justice**

Civil Division

---

*Torts Branch, Federal Tort Claims Office*  
*P.O. Box 888*  
*Washington, DC  20044*  
JGT:CRB:CCardinale/DJ# 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

*Telephone (202) 514-1067*  
*Facsimile (202) 616-5200*

March 19, 2021

<u>**Via ECF**</u>

The Honorable Theodore D. Chuang  
United States District Court Judge  
U.S. District Court for the District of Maryland

      RE:   *Highsmith v. United States*, D. Md. No. 8:20-cv-03249

Dear Judge Chuang:

      Pursuant to the case management order (ECF No. 8), Defendant United States of America, with the consent of Plaintiffs Charles and Sheila Highsmith, respectfully files this notice of intent to file a motion for the Court to enter a protective order that has been stipulated to by the Plaintiffs and Defendant (collectively referred to as the "Parties").

      The United States has requested that the Plaintiffs agree to a protective order to protect confidential and protected material that may be exchanged during this litigation. After good faith discussions engaged by the Parties, and modifications made to the protective order, the Parties have stipulated to a protective order.

      The proposed motion for the Court to enter the protective order will be brought pursuant to Fed. R. Civ. P. 26(c) and Local Rule 104.13. Good cause exists to enter the order. During discovery and litigation of this action the Parties will exchange documents, data, evidence, and electronically stored information containing material protected from public disclosure by HIPAA, the Privacy Act, or other confidentiality laws. So that the Parties may freely exchange such information for purposes of this action, and so that the Parties have an orderly process for using protected documents, data, and information in discovery and at trial, a protective order is warranted. The Parties conferred, in good faith, about the provisions of the protective order and agree to its provisions. Furthermore, as required by this Court, the protective order is consistent with Local Rules 104.13, 105.11, and the Scheduling Order (ECF No. 9) Section IV.E.

      For these reasons, the United States, with the consent of Plaintiffs, asks the Court to authorize the filing of its motion for the Court to enter the stipulated protective order. As this will be a consent motion, a conference pursuant to the case management order does not appear necessary.

      Sincerely,

      /s/ Cate E. Cardinale  
      Cate E. Cardinale