**U.S. Department of Justice**

Civil Division

---

*Torts Branch, Federal Tort Claims Office*  *Telephone (202) 514-1067*
*P.O. Box 888*  *Facsimile (202) 616-5200*
*Washington, DC  20044*
JGT:CRB:CCardinale/DJ# 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

May 18, 2021

<u>Via ECF</u>

The Honorable Theodore D. Chuang
United States District Judge
6500 Cherrywood Lane
Greenbelt, Maryland 20770

      **RE:**    Highsmith, et al v. United States,
             <u>No. 8:20-cv-03249-TDC</u>

Dear Judge Chuang:

      Pursuant to your Case Management Order dated January 21, 2021 (ECF No. 8) regarding the filing of motions, the United States respectfully requests permission to move for a protective order pursuant to Fed. R. Civ. P. 26 and 30(b)(6) concerning plaintiffs' 10-topic amended Rule 30(b)(6) deposition notice dated May 3, 2021. The Notice sets the deposition for June 1, 2021 at Walter Reed.[1]

      This is a medical malpractice case involving the treatment of a cancer patient at Walter Reed National Military Medical Center.  Plaintiff Major (Ret.) Charles Highsmith claims that Walter Reed providers committed surgical negligence during a September 11, 2018, neck dissection that led to a stroke.  Plaintiffs now allege permanent neurological impairments as a consequence of the stroke.  Plaintiff Sheila Highsmith, Major Highsmith's wife, claims loss of consortium.

      This case has recently started fact discovery: the parties have exchanged written discovery but have not taken any depositions.  The parties have agreed upon a confidentiality order, but it has not yet been entered by the Court. *See* ECF No. 16 (Pre-Filing Letter Notice Requesting Authorization to file Consent Motion for Protective Order). The United States will produce its documents in accordance with the order once it is entered.

      At the same time plaintiffs propounded written discovery, they served on the Defense Health Agency an extensive 10-topic Rule 30(b)(6) deposition notice that is riddled with issues of relevance, breadth, and disproportionate burden on the United States.  The parties have

---

[1] The United States will not produce a 30(b)(6) witnesses in response to the Notice during the pendency of the filings seeking a protective order. *See* Fed. R. Civ. P. 37(d)(2); *Columbia Gas Transmission, LLC v. 252.071 Acres, More or Less*, No. 15-cv-3462, 2016 WL 7167979, at *2 (D. Md. Dec. 8, 2016) (holding that Rule 37(d)(2) excuses a party from appearing at a 30(b)(6) deposition if that party has pending a motion for a Rule 26(c) protective order).

Judge Chuang
May 18, 2021
Page 2

repeatedly met and conferred on this Notice, but now require the Court's assistance to resolve outstanding issues.

The Notice has ten components with dozens of subparts, including requesting a 30(b)(6) deponent to speak to the topics summarized, in part, as follows:

(1) "any and all facts" regarding Major Highsmith's medical care at two military treatment facilities over the course of five months in 2018;
(2) the hiring, credentialing, and training of two providers in eight different medical subject areas;
(3) the policies and procedures for treatment of patients at Walter Reed in eight different medical subject areas;
(4) facts on which the United States bases its denial to paragraph 29 of the Complaint;
(5) facts on which the United States bases its denial to paragraph 34 of the Complaint;
(6) facts on which the United States bases its denial to paragraph 39 of the Complaint;
(7) facts on which the United States bases its Sixth Affirmative Defense;
(8) facts on which the United States bases its Seventh Affirmative Defense;
(9) facts on which the United States bases its Eighteenth Affirmative Defense;
(10) an audit trail "for each and every occasion when the patient's medical record was accessed" and a description of each change made to the medical record.

The parties have held extensive conferences on the necessity and content of the Notice. In essence, the United States' position is that this Notice should be withdrawn and/or quashed because it duplicates other discovery, is premature, and contains irrelevant and overbroad requests within the context of this particular case. Plaintiffs and the United States conferred regarding plaintiffs' Rule 30(b)(6) notice by letter, email, and by telephone, most recently on April 26, 2021.

Although the scope of discovery is generally broad, "'discovery, like all matters of procedure, has ultimate and necessary boundaries.'" *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Discovery boundaries include when "the discovery sought is unreasonably cumulative or duplicative," the discovery sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive," or where "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). Discovery is outside the scope of Rule 26(b)(1) if it is privileged, irrelevant to the parties' claims or defenses, or disproportional to the needs of the case. *Id.* 26(b)(1). Proportionality is determined by "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*


Judge Chuang
May 18, 2021
Page 3

Pursuant to Federal Rule of Civil Procedure 26(c), "a party or person from whom discovery is sought may move for a protective order in the court where the action is pending." Fed. R. Civ. P. 26(c)(1). Such orders may include, *inter alia*, "(A) forbidding the disclosure or discovery" and "(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." *Id*. 26(c)(1)(A), (D). A court may grant a protective order upon a showing of "good cause." *Id*. 26(c). This rule "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Furlow v. United States*, 55 F. Supp. 2d 360, 366 (D. Md. 1999).

There is good cause to grant the United States' protective order because plaintiffs' 30(b)(6) notice is unreasonably cumulative or duplicative; is not proportional to the needs of the case; is not sufficiently detailed to meet the reasonable particularity requirement; and reflects the most inconvenient, burdensome, and expensive avenue of obtaining this information (to the extent it is actually relevant and needed in this case). Here, Topics 1 and 2 can be best addressed by the medical records and the two medical providers at issue, Drs. Wayne Cardoni and Charles Yang. Topics 3 and 10—regarding policies and procedures as well as audit trails of medical records—are premature, given the lack of documents, but ultimately irrelevant in the context of this litigation about a surgical complication. Finally, Topics 4-9 are contention interrogatories masquerading as 30(b)(6) topics; courts have routinely relegated such topics to interrogatories given the likely intrusion into attorney work product and other privilege issues. Thus, plaintiffs should not be allowed to proceed on these topics—and certainly not at this time. *See U.S. E.E.O.C. v. Source One Staffing, Inc.*, No. 11 C 6754, 2013 WL 25033, at *4 (N.D. Ill. Jan. 2, 2013) (holding, in part, that the Rule 30(b)(6) Notice was premature because it was not clear there would be a need for the 30(b)(6) after other discovery responses were received).

        Sincerely,

        /s/ Cate E. Cardinale
        Cate E. Cardinale