IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CHARLES HIGHSMITH, *et al.*, | |
| Plaintiffs, | |
| v. | Case No. 8:20-cv-03249-TDC-TJS |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

**STIPULATED PROTECTIVE ORDER REGARDING PROTECTED MATERIAL**

Pursuant to L.R. 104.13 and Rule 26(c) of the Federal Rules of Civil Procedure, Charles and Sheila Highsmith ("Plaintiffs"), the United States (together the "Parties"), stipulate and request an order of the Court as follows:

IT IS HEREBY ORDERED as follows:

**A.    DEFINITIONS**

1.   "Action" shall mean the cases captioned *Highsmith, et al. v. United States*, D. Md. No. 8:20-cv-03249.

2.   "Confidential Information" shall mean information that, at the time of its production in discovery in the action, or thereafter, is designated confidential by the Producing Party because of a good faith belief that the information: (a) is not in the public domain, or if in the public domain, is improperly in the public domain; and (b) is (a trade secret or other confidential research, development, or commercial information as such terms are used in Federal Rule of Civil Procedure 26(c)(1)(G); (c) personal financial, medical or other private information relating to an individual that would properly be redacted from any public court filing pursuant to

Federal Rule of Civil Procedure 5.2; (d) is information protected by the provisions of the Privacy Act of 1974, 5 U.S.C § 552a; (e) information subject to the provisions of 45 C.F.R. §§ 164.102-164.534 (regulations promulgated pursuant to the Health Insurance Portability and Accountability Act (HIPAA)), or the Family and Educational Rights and Privacy Act, 20 U.S.C. §1232g, 34 C.F.R. Part 99; or (f) other documents and records whose disclosure is restricted or prohibited by statute.

       3.     "Disclose" (or forms thereof) shall mean to distribute, provide, or otherwise make available for access, viewing, or copying. "Disclose" shall include the actual covered document or item as well as the contents or information contained therein, such that disclosing a copy, summary, paraphrasing, or characterization would be considered a disclosure of the document itself for purposes of this Protective Order.

       4.     "Document" shall mean all items listed in Fed. R. Civ. P. 34(a)(1)(A) & (B).

       5.     "Challenging Party" shall mean any party who challenges the designation of information as Protected Material under this Protective Order.

       6.     "Designating Party" shall mean the party or other person producing in discovery in the Action any information that the Producing Party seeks to designate and to have treated as Protected Material pursuant to this Protective Order.

       7.     "Producing Party" shall mean the person or party producing in discovery in the Action.

       8.     "Protected Health Information" or "PHI" includes certain individually identifiable health information (defined as health information that is connected to a patient's name, address, Social Security number, or other identifying number, including Health Insurance Claim (HIC) number) that may be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a, the provisions

of 45 C.F.R. §§ 164.102-164.534, or information for which there may be no waiver by the patient to produce the records to an entity outside one of the Parties.

9. "Protected Material" means documents, electronically stored information, or other tangible things that contain "Protected Health Information" or "Confidential Information," as defined in Paragraphs 2 and 8 above.

10. "Receiving Party" shall mean any party who receives information that has been designated as Protected Material.

**B.    PURPOSE, SCOPE, AND LIMITATION OF PROTECTIVE ORDER**

11. This Protective Order applies to discovery, pre-trial, trial, and post-trial proceedings in this action, whether the Documents are produced by a party or a person or entity who is not a party to this action (a "non-party"). This Order binds the parties and their respective agents, successors, personal representatives, and assignees.

12. Nothing in this Protective Order supersedes existing independent statutory, law enforcement, national security, or regulatory obligations imposed on a party, and this Protective Order does not prohibit or absolve the parties from complying with such other obligations.

13. This Protective Order shall not prejudice in any way any party's ability to challenge the use or disclosure of information other than information designated as Protected Material under this Protective Order in this Action. A party's compliance with the terms of this Protective Order shall not operate as an admission that any particular material is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

14. The protections conferred by this Protective Order do not cover any information that (i) is properly in the public domain; (ii) becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this

Protective Order, including becoming part of the public record in this Action through trial or otherwise; or (iii) is known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party.

15. The Court finds that this Order is a "qualified protective order" within the meaning of 45 C.F.R. § 164.512(e)(1)(v).  All patient identifiable information shall be designated "confidential" using the process in Section C of this Protective Order and may be used or disclosed in accordance with the terms of this Protective Order and 45 C.F.R. § 164.512(e)(1)(v).

16. This Protective Order does not govern the use by the parties of Protected Material in open court at any hearing or trial, but the parties reserve the right to seek relief from the Court in connection with the intended use of Protected Material in any such hearing or trial.  The parties shall follow the procedure in Paragraph 44 regarding the use of Protected Material in open court.

17. This Protective Order governs the disclosure, use, and handling of all Protected Material, regardless of the format or medium in which such Protected Material is generated, stored, or maintained.

18. Any Protected Material referenced in any pleading or contained in any Document filed with the Court in this Action by the Producing Party shall at the time of filing cease to be Protected Material unless the Producing Party files the un-redacted pleading or Document under seal.

19. Nothing in this Protective Order shall restrict the right of any Producing Party to use its own Protected Material for any purpose whatsoever, but if any such use results in a disclosure that causes the Protected Material to lose its designation as Protected Material, then it

shall no longer be subject to any protection under this Protective Order.

20. This Protective Order applies to only disclosures, uses, and handling of Protected Material occurring after the entry of this Protective Order.

21. Neither the termination of this Action nor the termination of employment of any person who has had access to any Protected Material shall relieve such person of his or her obligations under this Protective Order, which shall survive.

22. Any party may at any time seek modification of this Order by agreement or, failing agreement, by motion to the Court.

C.   **METHOD FOR DESIGNATING PROTECTED MATERIAL**

23. Designations of Protected Material shall be made by the Producing Party, prior to or at the time of production, except as otherwise provided by this Protective Order.

24. The designation of Protected Material should be limited to only those Documents or portions of Documents that qualify under the appropriate standards or under the definition of "Protected Material" in Section A(9) of this Protective Order.

25. Documents produced in discovery in this Action shall be designated as containing "Protected Material." For Documents produced in paper or an electronic form that allows endorsements or similar designation on the image, the designation shall appear by the inclusion of the marking of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER for Documents that contain Protected Material on each page of the document asserted to contain Protected Health or Confidential Information. All efforts should be made to assure that the marking of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER does not obstruct the text and/or images of a document. For electronic information that is provided in native form or a format that is not amenable to visible endorsement on the image, the file name(s) shall begin with

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.[1] The media on which the Protected Material is provided (*e.g.*, CD, DVD, external hard drive) also must be and remain plainly labeled with CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER unless and until the protection of the data within the media is removed.  Any copying or transferring of electronic files that are designated as Protected Material must be done in a manner that maintains the protection for all copies, including, but not limited to, maintaining the protection in the filename(s) and the location where the copies are stored and the location where the users access the information.

26. For interrogatory answers and responses to requests for admissions, designation of Protected Material shall be made by placing within each interrogatory answer or response to requests for admission asserted to contain Protected Material the following: CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.

27. For depositions, designation of Protected Material shall be made during the deposition on the record that should include reasons for the assertion, or by letter from counsel within 30 days of receipt of the official deposition transcript or copy thereof (or written notification that the transcript is available), listing the specific pages and lines of the transcript and any exhibits that should be treated as Protected Material.  The entire deposition transcript (including any exhibits not previously produced in discovery in this Action) shall be treated as Protected Material under this Protective Order until the expiration of the above-referenced 30-day period for designation, except that the deponent (and his or her counsel, if any) may review the transcript of his or her own deposition during the 30-day period subject to this Protective

---

[1] The original metadata of the native files should be retained pursuant to the parties' agreement.

Order and the requirement of executing the certification attached as Exhibit A.  After designation of Protected Material is made, the following shall be placed on the front of the original and each copy of a deposition transcript containing Protected Material: CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.  If the deposition was filmed, both the recording storage medium (*i.e.* CD or DVD) and its container shall be labeled CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.

28. For any other Document or item produced in discovery in this Action not falling within paragraphs 25, 26, or 27 above, designation of Protected Material shall be made by labeling the item or the item's container with CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.  If only a portion or portions of the information contained in the item warrant protection as Protected Material, it shall be accompanied by a cover letter identifying the specific portion or portions so designated.

29. If it comes to a Producing Party's attention that information designated as Protected Material does not qualify or no longer qualifies for protection, the Producing Party must promptly notify all Parties that it is withdrawing the designation for the applicable information.

D. **CHALLENGING PROTECTED MATERIAL DESIGNATIONS**

30. A Challenging Party shall not be obliged to challenge the propriety of a Protected Material designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

31. The Challenging Party shall initiate a challenge to the designation of any Protected Material under this Protective Order by providing to the Designating Party (a) written notice of each designation it is challenging and (b) a description of the basis of each challenge.

32. The Challenging Party and the Designating Party shall attempt to resolve each challenge in good faith and must begin a meet and confer process within 7 calendar days after the Designating Party receives notice from the Challenging Party of its challenge.  During the conferring process, the Challenging Party must convey the basis for each challenge and the Designating Party must have an opportunity to review the applicable documents and either keep or change the designation.  The Designating Party must communicate its decision to the Receiving Party within fourteen (14) calendar days after receipt of notice of the challenge or another reasonable time agreed to by the parties after conferring in good faith.

33. If the Designating Party decides to withdraw its designation, it shall give notice of its withdrawal to all parties.

34. If the Challenging and Designating Parties cannot come to a resolution within the time set forth in Paragraph 32 above, or as otherwise agreed, the Designating Parties must either file a motion seeking a determination from the Court or withdraw its designation. The burden remains on the Designating Party to justify the confidentiality designation under Rule 26(c).

35. Any information designated as Protected Material pursuant to and after the entry by the Court of this Protective Order shall be treated as Protected Material until such time as (a) the Designating Party agrees that it shall no longer be treated as Protected Material or (b) the Court rules that such information should not be treated as Protected Material.

36. After a designation as Protected Material is removed or withdrawn by the Designating Party or by the Court, the Designating Party must provide to the Receiving Party replacement documents, files, or information that is free from any markings or designations as Protected Material.  The replacement versions shall be provided in the same format as the information that is to be replaced, unless otherwise agreed to by the Parties.  The presumptive

time for providing the replacement information shall be ten calendar days, but the Designating Party must in good faith provide the information in a reasonable time, considering any agreements with the Receiving Party, the volume of information to be re-produced, and the nature or format of the information.

**E.       DISCLOSURE, USE, AND HANDLING OF PROTECTED MATERIAL**

37.     A Receiving Party may use Protected Material in connection with this Action only for prosecuting, defending, or attempting to settle this Action, and shall disclose such Protected Material only in accordance with the terms of this Protective Order.

38.     Counsel of record are responsible for employing reasonable measures, consistent with this Protective Order, to control access to and to secure distribution of Protected Material.

39.     Protected Material shall be disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, to only the following persons and only as reasonably necessary for this Action:

a.    Counsel (including outside counsel) for the parties, including associated personnel necessary to assist counsel in this Action, such as litigation consultants, assistants, paralegals, and litigation support, information technology, information or records management, investigative, secretarial, or clerical personnel, or focus groups;

b.    Current employees of the parties who are assisting with respect to this Action;

c.    Any person with prior authorized access to the Protected Material;

d.    Current employees of the Producing Party;

e.    Witnesses, potential witnesses, and deponents, including their counsel;

f.    Court reporters and other persons not employed by this Court, retained to

record or to transcribe testimony or argument at interviews or depositions in connection with this Action;

      g.      Photocopying, data processing, and other support services that are reasonably necessary to litigation in this Action;

      h.      Retained expert witnesses and consultants;

      i.      Mediators or arbitrators;

      j.      Other persons only upon consent of the Producing Party and on such conditions as the Parties may agree;

      k.      Parties; and

      l.      This Court (including any judicial officer to whom this Court may refer this matter for settlement purposes) and Court personnel, including persons recording or transcribing testimony or argument at a conference, hearing, trial, or appeal in this Action.

40.      Disclosure to the persons referenced in paragraph 39 (a)-(k) above may only occur after the person to whom the disclosure is being made has been given a copy of this Protective Order and has signed a declaration in the form attached hereto as "Exhibit A."

41.      Persons receiving Protected Material pursuant to the terms of this Protective Order are prohibited from disclosing it to any person except in conformance with this Protective Order.

42.      Unless the Designating Party gives written permission, all Protected Material that is filed with the Court must be (1) filed under seal in accordance with the Court's rules and procedures outlined in L.R. 104.13, 105.11, and the Scheduling Order (ECF No. 9) IV.E. and (2) redacted from any filing that is publicly available.

43.      If a Receiving Party or anyone subject to this Protective Order receives a

subpoena under Federal Rule of Civil Procedure 45 (or an equivalent mechanism under state law) seeking Protected Material as designated in this Action, the Receiving Party or such individual shall promptly notify the Designating Party and shall not disclose any Protected Material until the Designating Party has had a reasonable opportunity to inform the subpoenaed person either that (a) the Designating Party does not object to the production of the Protected Material or (b) the Designating Party will seek appropriate relief or protection from the proper Court to prevent the production.  The Designating Party shall bear the burden and expense of seeking protection of its designated Protected Material, and nothing in this Protective Order should be construed as authorizing or encouraging a subpoenaed person to disobey a lawful directive from this or another court.

44.     If the need arises for any party to disclose Protected Material in a proceeding in open Court or in support of a dispositive motion, it must make all reasonable and good faith efforts to give seven (7) business days' notice to the Designating Party who, after a good faith effort to meet-and-confer, may seek additional relief from the Court.

45.     Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to provide designated Protected Material to a Congressional entity; provided, however, that the United States shall notify the Congressional entity requesting the documents that the Protected Material has been produced pursuant to this Protective Order and shall, if there are no objections interposed by the Congressional entity requesting the documents, use reasonable efforts to notify the Designating Party or non-party of the Congressional entity's request and the United States' response thereto.

46.     Nothing in this Protective Order shall prevent or in any way limit or impair the right of the United States to disclose to any of its agencies or departments, or any division or

office of any such agency or department, information or materials provided in this Action, including those designated as Protected Material under this Order, that relate to a potential violation of law or regulation, or relating to any matter within that agency's jurisdiction.  Nor shall anything contained in this Order prevent or in any way limit or impair the use of any information provided in this Action, including Protected Material, by an agency in any lawfully permitted proceeding relating to a potential violation of law or regulation, or relating to any matter within that agency's jurisdiction.  Disclosure of information or materials provided in this Action, including those designated as Protected Material under this Order, is permitted within the meaning of this paragraph, provided that the agency shall be advised of the terms of this Protective Order and maintain the confidentiality of the Protected Material in a manner consistent with the terms of this Order.

**F.     INADVERTENT PRODUCTION OF PROTECTED MATERIAL**

47.     Nothing herein shall be deemed or construed as a waiver of any applicable privilege, right of privacy, or proprietary interest with respect to any information or item.  The parties agree to follow Fed. R. Civ. P. 26(b)(5)(B) with respect to any inadvertently or unintentionally produced or disclosed Protected Material.

48.     If a Receiving Party learns that, by inadvertence or otherwise, it, or a person to whom it has disclosed Protected Material in accordance with this Protective Order, has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party shall, upon learning of the unauthorized disclosure: (a) promptly notify the person(s) to whom the unauthorized disclosure was made that the unauthorized disclosure contains Protected Material subject to this Protective Order; (b) promptly make all reasonable efforts to obtain the return of the Protected Material and to prevent further

unauthorized disclosures of the Protected Material, including requesting the person who received the unauthorized disclosure to agree to be bound by the terms of this Protective Order by executing a declaration in the form attached as Exhibit A; and (c) within five calendar days notify the Producing Party and all other parties of the identity of the person(s) to whom the unauthorized disclosure was made, the circumstances surrounding the disclosure, and the steps taken to prevent any use or further disclosure of the Protected Material that was the subject of the unauthorized disclosure.

**G.     DISPOSITION OF DOCUMENTS CONTAINING PROTECTED MATERIAL**

49.     Except as provided in this Protective Order, within 90 calendar days of the final termination of this Action, whether by settlement, judgment, or other disposition or conclusion and all appeals or opportunities to appeal therefrom, a Receiving Party shall take reasonable steps either (a) to destroy or to delete all items designated as Protected Material or (b) to return them to the Designating Party, depending upon the Designating Party's stated reasonable preference, except materials that exist on back-up tapes or similar systems. Materials that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials may be overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, the Receiving Party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions. In the course of disposing of information in its possession under this paragraph, Receiving Party also will take reasonable steps to notify persons to whom it distributed Protected Material pursuant to this Order that such information should be returned to Receiving Party or destroyed by the person possessing the information with written confirmation to Receiving Party.

a.     For material that contains or reflects Protected Material, but that

constitutes or reflects counsel's work product, or that of retained consultants and experts, counsel of record for the parties shall be entitled to retain such work product in their files in accordance with the provisions of this Protective Order, so long as it is and remains clearly marked to reflect that it contains Protected Material subject to this Protective Order.

      b.      Counsel of record for the parties shall also be entitled to retain an archival copy of all pleadings; affidavits; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; briefs; other papers filed with the Court; and any other parts of the trial record, even if such material contains Protected Material, so long as such material is and remains clearly marked to reflect that it contains Protected Material. Even after the final disposition of this Action, the terms of this Protective Order shall continue to govern the disclosure, use, and handling of any Protected Material unless and until its Designating Party agrees otherwise in writing or a court order directs.

      c.      In particular, attorneys for the United States may maintain copies of any documents designated Confidential in their case file for this case, and may maintain copies of any notes or summaries containing such Protected Material in their case file for this case, subject to 44 U.S.C. § 3101, *et seq.*, and 5 U.S.C. § 552, *et seq*.

      d.      Attorneys for the Plaintiffs may maintain copies of any documents designated Confidential in their case file for this case, and may maintain copies of any notes or summaries containing such Protected Material in their case file for this case.

    50.    Privacy Act.  The United States is authorized to produce personally identifying information contained within electronically stored information or hard copy documents.  Any electronically stored information or hard copy documents containing such personal identifying

information will be deemed Confidential Information, regardless of whether the electronically stored information or hard copy documents are marked with a "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" legend designating the information as Confidential Information. This is an order of a court of competent jurisdiction.  5 U.S.C. §552a(b)(11).

51. Applicability to Parties Later Joined.  If additional parties or entities become parties to this Action, they must not be given access to any Protected Material until they execute and file with the Court their written agreement to be bound by the provisions of this Order.

SO STIPULATED.

*/s/ Seth L. Cardeli*
Seth L. Cardeli (#07212)
slc@levinperconti.com
Abigail Marshall (pro hac vice)
amm@levinperconti.com
Levin & Perconti
325 North LaSalle Drive
Suite 300
Chicago, Illinois 60654
Telephone: (312) 332-2872
Facsimile: (312) 332-3112

*Counsel for the Plaintiffs*


BRIAN BOYNTON
Acting Assistant Attorney General
Civil Division

JAMES G. TOUHEY, JR.
Director, Torts Branch

CHRISTOPHER R. BENSON
Assistant Director, Torts Branch

*/s/ Cate E. Cardinale*
Cate E. Cardinale
Trial Attorney
D. Md. Bar No: 814756
S.C. Bar No: 103149

>Torts Branch, Civil Division
>United States Department of Justice
>P.O. Box 888
>Washington, DC 20044
>(202) 514-1067
>cate.cardinale@usdoj.gov
>
>*Counsel for the United States*

IT IS SO ORDERED.

DATED: July 27, 2021

_____
TIMOTHY J. SULLIVAN
United States Magistrate Judge

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **CHARLES HIGHSMITH, *et al.*,** | * | |
| | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| v. | * | Case No. 8:20-cv-03249-TDC-TJS |
| | * | |
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| **Defendant.** | * | |

\*\*\*\*\*\*\*\*\*\*

## CERTIFICATION

I hereby declare that I have read and that I understand the Agreed Protective Order entered in the above-captioned case.  I further declare that I will comply with all of the terms and conditions of this Protective Order, and that I will not disclose any Protected Material, as that term is defined in the Protective Order, in a manner that is inconsistent with the Protective Order.  I will maintain any Protected Material in my possession – including copies, notes, or other transcriptions made therefrom – in a secure manner to prevent unauthorized access to it.  I understand that any unauthorized disclosure may subject me to a ruling of contempt or other sanction imposed by the District Court.  I hereby consent to be subject to the personal jurisdiction of the United States District Court for the District of Maryland with respect to any proceedings relative to the enforcement of that Order, including any proceeding related to contempt of that Order.


Executed this ____ day of _____ by _____
                                                                                                    (Print Name)


Signed_____