**U.S. Department of Justice**

Civil Division

---

*Torts Branch, Federal Tort Claims Office*  
*P.O. Box 888*  
*Washington, DC  20044*  
DRC:CCardinale/DJ# 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

*Telephone (202) 514-1067*  
*Facsimile (202) 616-5200*

June 17, 2022

**VIA ECF**

The Honorable Timothy J. Sullivan  
United States Magistrate Judge  
6500 Cherrywood Lane  
Greenbelt, Maryland 20770

      RE:    <u>Highsmith, et al. v. United States</u>, No. 8:20-cv-03249-TDC-TJS

Dear Judge Sullivan:

      Pursuant to Judge Chuang's Case Management Order dated January 21, 2021 (ECF No. 8) regarding the filing of motions, and Judge Chuang's order referring all discovery and related scheduling to you (ECF No. 21), the United States respectfully requests permission to file a motion pursuant to Fed. R. Civ. P. 35 requiring Plaintiff Charles Highsmith to submit to an examination by the United States' vocational rehabilitation expert. By email dated June 8, 2022, counsel for Plaintiffs informed the United States that Mr. Highsmith would not agree to such an examination pursuant to Rule 35. The parties met and conferred by telephone on June 9, 2022, but were unable to resolve their dispute.

I.      Background

      This is a medical malpractice case involving the treatment of a cancer patient at Walter Reed National Military Medical Center.  Mr. Highsmith claims that Walter Reed providers committed surgical negligence during a September 11, 2018 neck dissection that led to a stroke. Plaintiffs' Complaint alleges that Mr. Highsmith has suffered multiple physical and mental conditions, including "severe and permanent brain damage and neurologic injury" along with "post-traumatic stress disorder," which he claims has caused him to suffer, among other things, "diminished earning capacity and lost future wages." Compl. ¶ 76. Discovery has revealed that Mr. Highsmith seeks damages for future lost wages because he desires to retire in 2023 as a result of his alleged neurological impairments, which is at least 11 years before a typical retirement age of 65.

      The parties are currently in discovery. Fact depositions have been taken, and discovery confirmed that Mr. Highsmith holds the same job he held prior to his surgery and that his salary has increased since 2018.  Plaintiffs have also disclosed their expert witness reports. At least three of Plaintiffs' experts provided opinions related to Plaintiffs' lost earning capacity claim. Plaintiffs' neuropsychologist expert opines on Mr. Highsmith's capabilities in the work setting. Plaintiffs' life care planner opines that Mrs. Highsmith has decreased cognitive and physical functions affecting a loss of vocational capacities/opportunities. Moreover, Plaintiffs' vocational

economist expert assumes for the purpose of his report that Mr. Highsmith will prematurely retire by January 1, 2023. But none of Plaintiffs' experts have opined on whether Mr. Highsmith could be employed in an alternative position.

The United States' expert witness reports are due July 1, 2022. Mr. Highsmith recently submitted to a Rule 35 examination by the United States' neurologist expert, Dr. Mark Baker, but that examination did not include a vocational assessment. Plaintiffs' counsel now refuses to allow the United States' vocational rehabilitation expert to conduct an examination of Mr. Highsmith even by remote means, such as a video conference.

II.     Legal Standard

Pursuant to Rule 35 of the Federal Rules of Civil Procedure a court may order "a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a). "The party requesting an order to compel a Rule 35 examination must demonstrate that (1) the physical or mental condition of the person to be examined is genuinely in controversy and (2) there is good cause to order the particular examination requested." *Rich v. Diana Consulting Servs. LLC*, No. CV SAG-21-1670, 2022 WL 1289663, at *3 (D. Md. Apr. 28, 2022) (citing *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964)). "The requisite showing may be made by various means, such as affidavits, deposition testimony, records and information produced in discovery, and the pleadings." *Id*. Additionally, the pleadings alone can be sufficient to meet the "in controversy" and "good cause" requirements. *See Schlagenhauf*, 379 U.S. at 119. Where a plaintiff in a negligence action asserts a mental or physical injury, that plaintiff "places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Id*.

Courts have repeatedly allowed examinations by vocational rehabilitation experts. *See e.g., Norfolk Dredging Co. v. M/V A.V. KASTNER*, No. CIV.A. WMN-02-662, 2003 WL 23305262, at *2 (D. Md. Oct. 8, 2003); *Braecklein v. Johnson*, No. 2:11-CV-1679-RMG, 2012 WL 12897129, at *1 (D.S.C. Feb. 28, 2012); *Berry v. Mi-Das Line S.A.*, No. CV408-159, 2009 WL 3213506, at *2–*4 (S.D. Ga. Oct. 5, 2009). Courts have reasoned that where a plaintiff seeks damages for lost earnings, the "[p]laintiff has seemingly thus placed his physical capabilities and state of employability at issue, which will have a direct impact on the issue of damages." *Ornelas v. S. Tire Mart, LLC*, 292 F.R.D. 388, 393 (S.D. Tex. 2013). While a few courts have held otherwise, "examinations by vocational rehabilitation experts are repeatedly found to be warranted where the scope and extent of the plaintiff's future employability are at issue." *Id*. Examinations by vocational rehabilitation experts have been allowed even where plaintiffs have not disclosed their own vocational rehabilitation expert. *See Perez v. United States*, 05-cv-1790-BEN-AJB, 2008 WL 474390, *2 (S.D. Cal. Feb. 20, 2008).

III.    Analysis

Here, a Rule 35 examination by the United States' certified vocational rehabilitation expert is warranted because Mr. Highsmith has placed the extent of his future employability at

Judge Sullivan
June 17, 2022
Page 3

issue in this suit. Plaintiffs claim that, due to various neurological impairments, Mr. Highsmith cannot work past 2022 and therefore will suffer millions of dollars in lost wages. Indeed, Plaintiffs' vocational economist, Ronald Missun, Ph.D., opines that Mr. Highsmith's future lost wages will be between $1,518,367 and $2,352,634. However, deposition testimony has revealed that Mr. Highsmith currently holds the same position he held in 2018, prior to the surgery at issue in this lawsuit. Discovery also has revealed that Mr. Highsmith has received salary increases since the time of the surgery, and that he has not needed any accommodations at work. Thus, Mr. Highsmith has placed his physical and mental capabilities as they relate to his employability at issue in this litigation, and the United States' vocational expert should be afforded an opportunity to examine Mr. Highsmith before providing his expert opinion regarding the extent and nature of Mr. Highsmith's future employability.

There is good cause to allow such an examination. Although Plaintiffs have not disclosed a vocational rehabilitation expert, at least two of Plaintiffs' experts have opined on Mr. Highsmith's purported inability to work and on his ensuing lost future wages. Plaintiffs' vocational economist, Dr. Missun, assumed Mr. Highsmith's retirement date would be December 31, 2022, but based on that assumption on Mr. Highsmith's desired retirement date and not his physical limitations. Plaintiffs' neuropsychologist expert, David W. Hebda, tested Mr. Highsmith, but his findings that indicate Mr. Highsmith is unable to or limited in his ability work are contradicted by Mr. Highsmith's continued employment and productivity after his surgery. The United States' vocational rehabilitation expert needs to examine Mr. Highsmith to assess Plaintiffs' contention that Mr. Highsmith will no longer be able to work past 2022 and to assess whether there are alternative positions that Mr. Highsmith could hold that would mitigate any lost earnings damages. Without a Rule 35 examination by the United States' vocational rehabilitation expert, the United States would be hindered in its ability to defend against Mr. Highsmith's lost wages claim, which is the most substantial category of damages sought by Mr. Highsmith.

IV.    Conclusion

For the reasoning detailed above, the United States seeks permission to file a motion pursuant to Fed. R. Civ. P. 35 for an order compelling Plaintiff Charles Highsmith to submit to a Rule 35 examination by the United States' vocational rehabilitation expert.[1]

Sincerely,

/s/ Cate E. Cardinale
Cate E. Cardinale

---

[1] In accordance with the operative scheduling order, ECF No. 34, the United States expert disclosures are due July 1, 2022. Depending on the outcome of this pre-motion letter and, if permitted, the United States' motion, the United States may also need to move for an extension of time to disclose this particular expert witness and his report.