**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| CHAMBERS OF<br>TIMOTHY J. SULLIVAN<br>UNITED STATES MAGISTRATE JUDGE<br>MDD_TJSchambers@mdd.uscourts.gov | U.S. Courthouse<br>6500 Cherrywood Lane<br>Greenbelt, Maryland 20770<br>(301) 344-3593 |

August 8, 2022

LETTER TO COUNSEL:

    Re:   *Highsmith v. United States*
           Case No. TDC-20-3249

Dear Counsel:

    Pending before the Court is the motion for Rule 35 examination filed by Defendant United States.[1] ECF Nos. 35 & 38 (treating Defendant's letter dated June 17, 2022, as a motion for Rule 35 examination). Having considered the parties' submissions (ECF Nos. 35, 41 & 43), I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the following reasons, Defendant's motion will be granted.

    This is a medical malpractice case brought under the Federal Tort Claims Act, 28 U.S.C. § 1346. Plaintiff alleges that providers at Walter Reed National Military Medical Center committed medical negligence during a September 11, 2018, procedure that led to a stroke. *See* ECF No. 1. Plaintiff alleges that he has suffered physically and mentally, and that he now has a diminished earning capacity and will suffer lost future wages. *Id.* During discovery, Plaintiff has disclosed expert opinions on the injuries he suffered, including his lost or diminished future earning capacity. It appears that the expert opinions about his future earning capacity are based on Plaintiff's assertion that he will prematurely retire by January 1, 2023. *See* ECF No. 35 at 1-2.

    Defendant has already deposed Plaintiff, as well as his wife and three of his adult children. ECF No. 41 at 4-5. And Plaintiff has disclosed (or Defendant has independently obtained) substantial discovery about Plaintiff's medical, employment, and tax situations. *Id.* at 5. Still, Defendant states that it needs to conduct a vocational assessment of Plaintiff to obtain more information about Plaintiff's lost earning capacity. ECF No. 35 at 1-2. Defendant notes that since the September 2018 procedure, Plaintiff has continued to work in his same position at the Pentagon, even receiving salary increases and bonuses since the surgery. ECF No. 43 at 1. Defendant requests that the Court order that its vocational rehabilitation expert (Joseph Rose) be permitted to assess Plaintiff under Rule 35(a)(2). According to Defendant, such an assessment is necessary because Plaintiff has put his future employability at issue, and because some information related to Plaintiff's ability to work is unavailable from any other source.

    Plaintiff objects. He notes that Defendant has already taken extensive discovery (including his two-day, 11-hour deposition), and implies that whatever information Defendant needs about his lost earning capacity has already been disclosed. Plaintiff also notes that at least one other

---

[1] This case was referred to me for discovery and related scheduling matters. ECF No. 21.

court, about 20 years ago, denied a request for an order permitting a vocational assessment under Rule 35. ECF No. 41 at 3 (citing *Storms v. Lowe's Home Centers, Inc.*, 211 F.R.D. 296 (W.D. Va. 2002)). Plaintiff also argues that even if a Rule 35 vocational assessment is permitted, Defendant's designated vocational rehabilitation expert is not suitably licensed or qualified to conduct the examination. *Id.* at 5-6.

Under Rule 35(a), courts may for good cause "order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." *See Schlagenhauf v. Holder*, 379 U.S. 104, 116 (1964). The Court must provide notice of such an order to all parties and must further "specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2). The Court has broad discretion in determining whether to order a Rule 35 examination. *See* 7 Moore's Federal Practice - Civil § 35.05 (2022); 8B Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2234.1 (3d ed. 2022). If good cause is shown to conduct the examination, the Court may still balance the invasiveness of the proposed examination against the value that it will serve to the moving party. *Id.*

In this case, the Court finds that (1) Defendant has shown good cause to conduct the proposed vocational assessment; (2) Defendant's proposed examiner is suitably qualified to conduct the examination; and (3) the value of the examination to Defendant outweighs any potential inconvenience or invasiveness it may impose on Plaintiff. Plaintiff has put his lost earning capacity at issue. Defendant is entitled to obtain discoverable information about it. As for the *Storms* case, the Court notes that most courts to consider the issue have reached the opposite conclusion. Many courts have ordered Rule 35 vocational assessments to proceed. *See, e.g.*, *Braecklein v. Johnson*, No. 2:11-cv-1679-RMG, 2012 WL 12897129, at *1-2 (D.S.C. Feb 28, 2012); *Norfolk Dredging Co. v. M/V A.V. KASTNER*, No. WMN-02-662, 2003 WL 23305262, at *2 (D. Md. Oct. 8, 2003); *see also* ECF No. 43 at 3-4 (collecting cases). The Court finds that the proposed vocational rehabilitation assessment is warranted. Accordingly, Defendant's motion (ECF No. 38) is **GRANTED**.

Within 14 days of the date of this Order, the parties shall submit a joint proposed order specifying the "time, place, manner, conditions, and scope of the examination" that Defendant's expert will perform. *See* Fed. R. Civ. P. 35(a)(2). Additionally, within 14 days of the date of this Order, the parties shall submit a joint proposed order modifying the remaining expert discovery deadlines in this case.

Despite the informal nature of this letter, it is an Order of Court and will be docketed accordingly.

                                                  Sincerely yours,

                                                  /s/
                                              Timothy J. Sullivan
                                              United States Magistrate Judge