**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**



CHAMBERS OF
GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE
MDD_GLSChambers@mdd.uscourts.gov

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0627

March 9, 2023

<u>**Via Electronic Filing**</u>

<u>**PLEASE READ THIS DOCUMENT IN ITS ENTIRETY**</u>

| | |
|---|---|
| **Abigail Marshall, Esquire** | **Jennifer H. Gans, Esquire** |
| Levin and Perconti | U.S. Department of Justice |
| 325 N. LaSalle Drive, Suite 300 | P.O. Box 888 Benjamin Franklin Station |
| Chicago, IL 60654 | Washington, DC 20044 |
| amm@levinperconti.com | jennifer.h.gans@usdoj.gov |

Re:   *Highsmith, et al. v. United States of America*
      Civil Action No. 8:20-cv-03249-TDC

Dear Counsel:

Please be advised that a settlement conference in the above-captioned case has been scheduled for **April 18, 2023 at 10:00 a.m.**  The settlement conference will occur via Zoom for Government ("ZoomGov").  A separate email will follow regarding the use of ZoomGov.

**Per Local Rule 607.3, it is essential that the parties, or in the case of a corporation, partnership, or government entity, a representative, with <u>complete authority</u> to enter into a binding settlement, shall participate in this conference.  A person with "complete authority" is someone who has the experience and judgment to exercise that authority <u>without having to consult with anyone who is not in attendance at the settlement conference.</u>[1]  Please provide <u>the name(s) and title(s) of the individuals who will be attending the conference</u>.  Attendance by the attorney for a party is <u>not</u> sufficient.  Please also be advised that the conference may last for several hours and all those in attendance should plan accordingly.**

---

[1] This requirement will only be waived upon a showing of exceptional circumstances.  If counsel believes that such circumstances exist, a letter detailing why this Court should excuse the representative from personal attendance should be electronically filed for my consideration <u>at least two weeks</u> before the scheduled settlement conference or immediately upon learning of the extenuating circumstance(s), whichever event is sooner. Also, counsel shall confer with all other parties in the case and provide their position(s) in your letter to the Court.

*Highsmith, et al. v. United States of America*
March 9, 2023
Page 2

By no later than **Tuesday, April 4, 2023,** I would like to receive from each party via email (MDD_GLSChambers@mdd.uscourts.gov) a short letter (not to exceed **5** single-spaced pages). The letter shall candidly set forth the following:

(1) facts that you believe that you can prove at trial;

(2) the major weaknesses in each side's case, both factual and legal;

(3) reference to any pending dispositive or other motions that would have a <u>significant</u> effect on settlement for the Court to review prior to settlement <u>(please include a copy of the motion(s) or the docket number(s) associated with the motions)</u>;

(4) an evaluation of the maximum and minimum damage awards you believe likely, and the amount of any existing liens;

(5) to the extent that it applies, an itemization of all damages. Please attach all spreadsheets and summary charts (if applicable);

(6) if your client will take the position in settlement discussions that a lack of financial resources will impact your client's ability to pay a judgment or settlement, a summary of your client's finances, including cash on hand, ownership interests in properties, business, and other assets, the amount of any relevant mortgages or liens, and recent income tax information. Documentation supporting the contentions in the summary should be provided to opposing counsel prior to the settlement conference or, if your client is unwilling to provide the documentation to opposing counsel, the documentation should be attached to the <u>ex parte</u> letter for the Court's review;

(7) the history of any settlement negotiations to date;

(8) estimate of attorneys' fees and costs of litigation through trial; and

(9) the name and title of the individual(s) who will be attending the conference.[2]

The letters may be submitted <u>ex parte</u> and will be solely for my use in preparing for the settlement conference. I also will review select pleadings in the court file. In addition, if you want me to review any case authorities that you believe are critical to your evaluation of the case, please identify. If you want me to review any exhibits or deposition excerpts, please attach a copy to your letter by email. Should your ex parte submission <u>exceed a total of 25 pages</u>, a <u>paper copy</u> should be mailed or hand delivered to Chambers by no later than **3 business days** after the above deadline

---

[2] Typically, it is most productive if only the parties to the case attend the settlement conference. If you believe it to be necessary that a non-party (including a family member) attend along with your client, you must clear that request with the Court <u>before</u> the settlement conference. You should also notify the other party of your request.

for submissions via email. Delivery confirmation should be sent to Chambers.

Because settlement conferences are often more productive if the parties previously exchange demands and offers and make a good faith effort to settle the case on their own, I require the plaintiff to submit a written itemization of damages and a settlement demand to the defendant <u>prior</u> to the settlement conference. In preparation for the conference, Plaintiffs shall submit a written demand to the Defendant no later than **10 business days** prior to the settlement conference. Defendant shall submit a written counteroffer to the Plaintiffs no later than **5 business days** prior to the settlement conference. Defendant's counteroffer shall contain any alternate itemization of damages. Thereafter, the parties should continue to engage in negotiations.[3] **All exchanges between the parties shall be via facsimile or e-mail, with a courtesy copy e-mailed to Chambers at the time of the exchange.**

**FAILURE TO COMPLY WITHOUT JUSTIFICATION MAY RESULT IN THE IMPOSITION OF SANCTIONS.**

If counsel believes that a telephone conference prior to **Tuesday, April 18, 2023** would make the settlement conference more productive, please **email** my chambers to make arrangements.

The settlement conference process will be confidential and disclosure of confidential dispute resolution communications is prohibited. *See* 28 U.S.C. § 652(d); Local Rule 607.4.

Notwithstanding the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket it as such.

I look forward to seeing you on **April 18, 2023.**

Sincerely yours,

/s/
The Honorable Gina L. Simms
United States Magistrate Judge

---

[3] Please note that the American Bar Association Standing Committee on Ethics and Professional Responsibility has issued a Formal Opinion (No. 93-370) that precludes a lawyer, <u>absent informed client consent</u>, from revealing to a judge the limits of the lawyer's settlement authority or the lawyer's advice to the client regarding settlement. However, the opinion does <u>not</u> preclude a judge, in seeking to facilitate a settlement, from inquiring into those matters. Therefore, please discuss these items with your client before appearing for the settlement conference.